UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JASON GUNN,

    Plaintiff(s),

v.

LOCATE SOURCE AMERICA, LLC, et al.,

    Defendant(s).

Case No.: 2:18-cv-01766-APG-NJK

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**     *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1

or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff attempts to bring claims under the Fair Debt Collection Act and the Fair Credit Reporting Act. *See* Compl. (Docket No. 1-1). The Court will address the sufficiency of those claims in turn below.

A. <u>Fair Debt Collection Practices Act</u>

Plaintiff's complaint identifies two provisions of the FDCPA under which he brings suit. *See* Compl. at ¶¶ 70-73. Plaintiff first alleges that Defendants violated the FDCPA by using false, deceptive, or misleading representations or means to collect on the debt. In particular, Plaintiff

alleges that Defendants made false representations as to "the character, amount, or legal status" of the debt. Compl. at ¶ 70; *see also* 15 U.S.C. § 1692e(2)(A). While the complaint disputes the validity of the debt generally, the complaint does not provide allegations of misrepresentations made by Defendants.[1] Accordingly, Plaintiff has not stated a claim under § 1692e(2)(A).

Plaintiff also alleges that Defendants violated the FDCPA by failing to validate his debt and failing to cease their garnishment pending that validation. Compl. at ¶ 72.[2] If a consumer disputes in writing the validity of a debt within 30 days after receiving notice under § 1692g(a), the debt collector must cease collection on the debt until the collector provides verification of the debt to the consumer. 15 U.S.C. § 1692g(b). The complaint has not stated a plausible claim for relief on this ground. Most fundamentally, the debt in question was made known to Plaintiff at the latest when the garnishment began in April 2017, Compl. at ¶¶ 33-34, but Plaintiff did not seek validation of the debt for another 11 months in March 2018, Compl. at ¶ 43. These circumstances do not establish that Plaintiff timely disputed the debt as is required by § 1692g(a). *Cf. Perez v. Bayview Loan Servicing, LLC*, 2015 WL 6152603, at *6 (N.D. Cal. Oct. 20, 2015) (finding dispute letter untimely when sent 11 months after receiving notice of debt through bankruptcy court filing). Accordingly, Plaintiff has not stated a claim under § 1692g(b).

In short, the complaint does not state a claim under the FDCPA for which relief may be granted.[3]

---

[1] The complaint contends that the allegations in Paragraph 67 constitute violations of § 1692e, but that paragraph of the complaint contains no allegations of misrepresentations. Compl. at ¶¶ 67, 71.

[2] Some of the allegations are puzzling. For example, Plaintiff alleges that his third letter was received by Defendants on March 29, 2018, and that they refused to cease garnishment of his wages upon receipt of that letter, despite acknowledging that his paycheck received on March 30, 2018 (and all subsequent pay checks) did not include any garnishment. Compl. at ¶¶ 51, 52, 55.

[3] The complaint lists additional sections of the FDCPA in a later section, without explanation as to how those sections are implicated here. *See* Compl. at ¶ 79. To the extent Plaintiff is attempting to bring a claim under any section not discussed herein, the complaint provides insufficient detail to meet the requirements of Rule 8 of the Federal Rule of Civil Procedure. *Cf. Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014) (applying Rule 8 in context of screening a *pro se* litigant's complaint).

B. <u>Fair Credit Reporting Act</u>

Plaintiff next alleges that Defendants violated two provisions of the FCRA. *See* Compl. at ¶¶ 74-79. First, Plaintiff alleges that Defendants violated 15 U.S.C. § 1681s-2(a)(1)(B), *see* Compl. at ¶ 74, which provides that "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if (i) the person has been notified by the consumer at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." It appears this claim is premised on the allegation that Defendant Ty Capital Management made credit inquiries in 2015 and 2017. *See* Compl. at ¶¶ 36-39, 75-76. As a threshold matter, it is not clear that making a credit inquiry constitutes "furnish[ing] information" to a consumer reporting agency. At any rate, however, this provision prohibits furnishing inaccurate information when the furnishing person "has been notified" as to the inaccuracy. Here, the credit inquiries were made in 2015 and 2017, but the complaint identifies Plaintiff's notice to Defendants as occurring in March 2018. *See* Compl. at ¶ 43. Having failed to show notice to Defendants prior to the inquiries at issue, Plaintiff has not stated a claim under § 1681s-2(a)(1)(B).

Plaintiff alleges that Defendants also violated 15 U.S.C. § 1681s-2(a)(1)(A), *see* Compl. at ¶ 77, which provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." It appears this claim is also premised on the allegation that Defendant Ty Capital Management made two credit inquiries. *See* Compl. at ¶¶ 36-39, 75-76. Once again as a threshold matter, it is not clear that making a credit inquiry constitutes "furnish[ing] any information" to a consumer reporting agency. At any rate, however, this provision of the FCRA prohibits the furnishing of inaccurate information when the furnisher knows or has reasonable cause to believe that the information is inaccurate. The Court has not found allegations in the complaint regarding this requirement. Accordingly, Plaintiff has not stated a claim under § 1681s-2(a)(1)(A).

In short, the complaint does not state a claim under the FCRA for which relief may be granted.

4

### C. Screening Conclusion

For the reasons stated above, the complaint does not state a claim for which relief can be granted under either the FDCPA or the FCRA.[4] Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes he can state a claim.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 25, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

---

[4] Plaintiff also lists various state law provisions under which he contends he is entitled to relief. *See* Compl. at p. 11 (prayer for relief). As the Court finds herein that a federal cause of action has not been properly alleged and as it does not appear that there is diversity jurisdiction in this case, the Court declines to address any potential state law claims raised in the complaint. *Cf. Godwin v. City Redevelopment, LLC*, 2018 WL 3620482, at *4 (D. Nev. July 30, 2018) (citing 28 U.S.C. § 1367(c)(3)).

5

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 24, 2019

_____
Nancy J. Koppe
United States Magistrate Judge